EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Enmienda al Reglamento Notarial | 2005 TSPR 142<br><br>165 DPR _____ |

Número del Caso: ER-2005-11

Fecha: 3 de octubre de 2005

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Enmienda al Reglamento Notarial

Adopción de la Regla 5A sobre la Incompatibilidad entre la Intervención Notarial y otras funciones

RESOLUCIÓN

San Juan, Puerto Rico, a 3 de octubre de 2005.

La Comisión Especial, creada en virtud de la Resolución de 6 de marzo de 2003, para investigar, entre otros asuntos, la actuación de los notarios que intervienen como agentes de cierre, de desembolso o agentes de seguro de título en los casos de financiamiento de propiedades inmuebles, rindió su Informe el 18 de agosto de 2005, el cual incluye los hallazgos relacionados con la encomienda y sus recomendaciones sobre tales prácticas.

Entre los hallazgos pertinentes a la actuación del notario como agente de cierre y de desembolso, el Informe reveló que aunque no es la norma general, entre algunas instituciones financieras se observa dicha práctica. Se encontró que ciertos notarios realizan funciones de agentes de cierre o de desembolso por sí o a través de una corporación que pudiera estar o no bajo su control. Conforme a lo anterior, la Comisión recomendó que se declare incompatible con la práctica de la notaría las funciones de agente de cierre o de desembolso, ya que el desempeño de estas funciones es ajeno al quehacer notarial.

La Comisión encontró también que existen bufetes de abogados cuyos miembros poseen licencias de agente de seguros que a su vez expiden las pólizas en los casos que autorizan los notarios del mismo bufete. Se concluyó que cuando un notario interviene además como agente de seguros, se coloca en un claro conflicto de interés si se genera una reclamación contra la póliza o si recomienda la adquisición de un seguro que genera una comisión para un agente o agencia de seguros de la cual forma parte. Respecto a esto último, la Comisión recomendó que se declare incompatible el uso del notario como agente de seguro de título y que se prohíba que el notario que autoriza una transacción recomiende o induzca al prestatario adquirir una póliza de seguro con el propósito de cobrar comisiones para sí o para la agencia que represente. Además recomendó la regulación del funcionamiento paralelo dentro de un bufete legal, del agente o agencia de seguros y la prestación de los servicios notariales por ese mismo bufete.

Las recomendaciones antes aludidas se fundan en la norma establecida en la Ley Notarial y su Reglamento, e interpretada por la jurisprudencia, que el notario, como profesional del Derecho, ejerce una función pública y no representa a ninguna de las partes en el negocio jurídico. El ejercicio de esta función pública le impone al notario la obligación de asesorar a todos los otorgantes por igual, independientemente de que uno de ellos haya requerido su servicio. Su intervención para autorizar el instrumento público ha de ser en todo momento imparcial, ya que dicha actuación constituye el pilar en el que descansa la fe pública en su ministerio.

Este Tribunal, en el ejercicio de su facultad para regular el ejercicio del notariado y complementar mediante reglamentación la Ley Notarial, acoge las recomendaciones de la Comisión Especial y dispone que se enmiende el Reglamento Notarial vigente para prohibir que el notario que autoriza un instrumento público realice gestiones o funciones incompatibles con la intervención notarial. Con tal propósito se adopta la Regla 5A del Reglamento Notarial para disponer lo siguiente:

**Regla 5A. Incompatibilidad entre la función del notario y otras actuaciones o gestiones ajenas a su función**

Hay ciertas actuaciones o gestiones no notariales incompatibles con dicha función que afectan la imparcialidad del notario y menoscaban la fe pública de la que está investido.

El notario que autoriza un instrumento público está impedido de actuar como agente de cierre, agente de desembolso o agente de seguro de título, o desempeñar funciones similares en el negocio jurídico o transacción que motiva su intervención.

Los notarios que formen parte de corporaciones o sociedades, incluso como consejeros, que tengan como fines brindar servicios de agente de cierre, agente de seguro de título o de desembolso, no podrán autorizar escrituras relacionadas con transacciones o negocios en las que dichas entidades intervienen para prestar sus servicios. Esta prohibición aplicará al notario a partir de su ingreso como socio o accionista o de la designación como consejero de dichas entidades.

Esta Resolución entrará en vigor el 17 de octubre de 2005.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo